UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------- x

CITY OF NEWARK,

                      Plaintiff,

vs.

CITY OF NEW YORK; MAYOR BILL DE BLASIO, in his official capacity; COMMISSIONER STEVE BANKS, in his official capacity,

                      Defendants.

------------------------------------------------------------------- x

Case No. 19-cv-20931-MCA-LDW

**ORDER GOVERNING PROTECTION OF CERTAIN CONFIDENTIAL INFORMATION AND OTHER MATTERS**

WHEREAS, Plaintiff the City of Newark ("Newark") requested the entry of a temporary restraining order ("TRO Application") requiring, *inter alia*, Defendant the City of New York ("NYC") to provide an accounting "to identify all persons and families relocated to Newark through the SOTA program, all landlords in Newark that participated in the SOTA program, all inspections of residences in Newark that were the subject of the SOTA program, all amounts paid to landlords in Newark through the SOTA program, and all persons who returned to New York City from Newark after participation in the SOTA program";

WHEREAS, the disclosure of certain of the information sought by Newark is subject to applicable New York law including, without limitation, New York Social Services Law § 136(1) and 18 New York Codes, Rules and Regulations § 357.3(a);

WHEREAS, on December 9, 2019, the Court issued an Order ("December 9 Order") that, *inter alia*, granted Newark's request to withdraw the TRO Application and ordered NYC to produce a list of the names and addresses of current SOTA recipients living in Newark subject to an order protecting the confidentiality of the information;

WHEREAS, in order to adequately protect the confidentiality of such materials and otherwise address issues in dispute between the parties, and the Court having considered any showing in support of the issuance of this Order, and any objections, it is hereby,

ORDERED on this 16th day of December 2019 as follows:

1. NYC shall provide to Newark, no later than December 18, 2019, three paper copies of the names and street addresses, in its files, of recipients of special one-time assistance ("SOTA") who are within the one-year period of their SOTA grant as of December 9, 2019 and who are listed in NYC's files as residing in Newark (such papers copies hereinafter referred to as the "Names and Addresses").

2. The Names and Addresses are being provided for the purpose of conducting apartment safety inspections to determine whether the apartments on the list are safe and habitable.

3. Newark shall maintain the confidentiality of the Names and Addresses, and hereby provides assurances, as follows:

   a. the confidential character of the Names and Addresses will be maintained;

   b. access to the Names and Addresses shall be restricted to the following persons, each of whom shall receive one of the paper copies:

      i. The Mayor of Newark;

      ii. The Corporation Counsel of Newark, and such assistant counsels as he shall designate to have access to the Names and Addresses, each of whom shall be provided with a copy of this Order and who shall be subject to its provisions and who shall, before obtaining

     access to the Names and Addresses, sign an acknowledgement that he or she is bound by this Order; and

   iii. The Manager of Newark's Code Enforcement, who may provide information from the Names and Addresses, but not the list itself, to Code Enforcement Inspectors who are designated to conduct apartment safety inspections, provided that any such inspector shall be subject to the provisions of this Order and shall, before obtaining access to any information from the Names and Addresses, sign an acknowledgement that he or she is bound by this Order;

 c. the Names and Addresses and the information therein shall not be photocopied, scanned, or otherwise reproduced in any paper, digital, or other format, except as provided in Paragraph 3(b)(iii);

 d. the Names and Addresses will be used solely for the purpose set forth in Paragraph 2 above;

 e. the Names and Addresses will not be used for any other purposes, including commercial or political purposes, except that the Parties may use the information obtained during apartment safety inspections, exclusive of the name of any SOTA recipient, as part of this litigation.

4. Commencing no later than December 20, 2019, NYC shall send notification letters to all of the addresses included in the Names and Addresses, informing the recipients that NYC and Newark intend to perform apartment inspections. The notification letters shall at a

minimum provide reasonable notice of the inspections and telephone numbers for the Newark Office of Inspections and Enforcement and the New York City Department of Social Services.

5. Commencing no later than January 6, 2020, NYC and Newark shall jointly conduct apartment safety inspections (each an "Inspection," and collectively the "Inspections") to determine whether the apartments on the Names and Addresses list are safe and habitable.

6. Nothing herein shall confer on any party the right to perform an inspection not otherwise permitted by law.

7. Before any inspections take place, NYC and Newark shall agree upon the standards and protocols to be used during each Inspection, providing however, that nothing in this Order shall be interpreted to mean that either party has agreed to modify its standards for Inspections.

8. Nothing herein shall preclude the Newark Office of Inspection and Enforcement from issuing summons and notices of violation in accordance with applicable municipal or State laws, rules and ordinances. The parties agree that any such summons or notices of violation shall not include any information that would specifically identify the tenant as a SOTA recipient.

9. In the event of any unauthorized disclosure of the Names and Addresses, the party that was the source of the unauthorized disclosure ("Responsible Party") shall promptly inform the other party in writing of such disclosure and commence an investigation to determine the extent and circumstances of the disclosure. The Responsible Party will provide the other party with a written incident report, within forty-eight (48) hours after the incident is discovered, that details the circumstances surrounding the unauthorized disclosure and the names of the persons with knowledge of the incident and of the names of the affected individuals, if known. A breach is considered discovered on the first day on which the Responsible Party, together with its

4

contractors, subcontractors, or any agent thereof, knows or should have known of such breach. The Responsible Party shall be responsible for all costs associated with providing notification to all affected individuals when notification is required by law or ordered by any court of competent jurisdiction. Notification shall be in a form and format prescribed by the party other than the Responsible Party and shall meet the requirements of applicable local, state and federal law.

10. Newark and NYC intend jointly or individually to prepare a report or reports documenting the conditions observed at the Inspections (each a "Report," and collectively the "Reports"), at a time (or times) and in a form to be agreed upon by the parties, that maintains the confidentiality of the Names and Addresses. The parties may choose jointly to submit a copy to the Court.

11. Within 10 days of the dismissal or other resolution of the above-captioned case, Newark shall destroy or return to NYC any and all copies of the Names and Addresses in its possession, custody, or control. Nothing shall require Newark to destroy or return to NYC any summons or notice of violation issued for an apartment or building listed in the Names and Addresses.

12. Nothing in this Order shall be deemed to prejudice Newark's right to challenge the SOTA Program or NYC's right to challenge § 18:6-10 of the Newark Municipal Code (the "Ordinance") or any part thereof. In particular, without limiting the foregoing sentence, nothing in this Order shall be deemed to prejudice Newark's pending motion for a preliminary injunction or NYC's pending motion for a preliminary injunction.

13. The Report or Reports (as defined in ¶ 10, above) shall be deemed to fully satisfy the requirements of with subdivisions (B) and (G) of § 18:6-10.2 of the Newark Municipal Code,

as added by the Ordinance, with respect to any SOTA recipient living in Newark prior to the date of this Order.

14. Should either party seek to file all or any portion of the Names and Addresses with the Court, the Parties shall negotiate in good faith about whether the filing is necessary, and prior notice shall be provided by the party seeking to file in accordance with the rules for motion practice. Under no circumstances may the Names and Addresses be filed except (i) under seal accompanied by a request for leave to file the Names and Addresses under seal and (ii) after the Court rules on said request.

Dated: December 16, 2019

_____
Hon. Leda Dunn Wettre, U.S.M.J.