


# CITY OF JERSEY CITY
## DEPARTMENT OF LAW

CITY HALL • 280 GROVE STREET • JERSEY CITY, NJ 07302
PHONE (201) 547-5229 • FAX (201) 547-5230

**STEVEN M. FULOP**
*MAYOR OF JERSEY CITY*

**PETER J. BAKER**
*CORPORATION COUNSEL*

February 11, 2020

**via ECF Only**
Honorable Madeline Cox Arleo, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re:  **City of Newark v. City of New York, et al.**
          **Civil Action 2:19-cv-20931 (MCA)(LDW)**

Dear Judge Cox Arleo:

The undersigned represents the City of Jersey City ("Jersey City"), who has filed a Motion to Intervene as Plaintiff, in the above-captioned matter. Currently pending before Your Honor is Jersey City's motion to intervene, which is returnable on February 18, 2020.

Proposed Intervener Jersey City submits the following informal letter brief in Reply to the Opposition filed by Defendant City of New York ("New York City").

A. **THE CITY OF JERSEY CITY HAS STANDING TO INTERVENE AS OF RIGHT**

In <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555 (1992), the United States Supreme Court articulated a three-part test to determine whether or not a party has standing to sue: plaintiff must have suffered an actual or threatened injury, which can be fairly traceable to the conduct challenged before the court, and the injury must be likely to be redressed by a favorable decision by the court. <u>Id.</u> at 560, 561. Moreover, to establish standing, it is not necessary for litigants to demonstrate that they will prevail on the merits of their claim. <u>See</u> <u>Warth v. Seldin</u>, 422 U.S. 490 at 500.

The contours of the injury-in-fact requirement, while not precisely defined, are very generous, requiring only that claimant allege some specific, identifiable trifle of injury." <u>Blunt v. Lower Merion Sch. Dist.</u>, 767 F.3d 247, 278 (3d Cir. 2014). "At the pleading stage, general factual allegations of injury resulting from defendant's conduct may suffice." <u>Lujan</u>, 504 U.S. at 561.

Jersey City has suffered an injury in fact because it has a concrete legally protected interest in making sure that New York City does not direct commerce in New Jersey, by directing and placing residents in Jersey City in situations created by the incentives in the SOTA program. New York City has directed

formerly homeless individuals to Jersey City under the guise of safe, suitable housing, for the recipients to turn around and find that the housing is not only unsuitable but they now have no legal recourse in the state of New Jersey. The SOTA program unlawfully burdens Jersey City with the consequences of landlords who materially misrepresented the conditions of their properties. These landlords were incentivized by the SOTA program which offered up front payment of rent and legal contracts that had no force or effect outside of New York City. It is now on Jersey City to attempt to identify or find SOTA recipients or landlords who abused the SOTA program. Several Jersey City residents, placed within the City at the direction of the SOTA program managers, were promised habitable living quarters by landlords and DHS employees who failed to properly inspect these properties, leaving individuals in unsuitable living conditions without proper legal recourse. This has placed residents in imminent, immediate harm of living in dangerous conditions that the City of Jersey City must now rectify.  If the same landlords own several properties, it is easy to see how these landlords could have effected entire homes, buildings or blocks. It has been clearly documented that lack of proper oversight and poorly designed paperwork left SOTA families placed outside of New York City in trouble and at risk of

falling back into homelessness, which would then burden Jersey City over the Defendant. Jersey City must be able to protect its residents by conducting safety inspections at these properties, to ensure habitable living conditions.

Second, this harm can be fairly traceable back to the SOTA program. The DOI report was not solely based on the conditions in Newark. The report specifically details how _any_ recipient placed outside of New York City would run into legal enforcement problems, because the documents drafted and used to cement the relationship between the SOTA recipients, landlords, brokers and the DHS, were New York City specific. Obviously, recipients placed in Jersey City experience the same difficulties at those placed in Newark, East Orange, or Miami, Florida.

Lastly, an entry by this Court of an order requiring that inspections be conducted into the housing of the current recipients located in Jersey City would be extremely favorable in assisting the City to confirm that its residents are in safe, suitable housing and are not at the mercy of landlords who misrepresented their housing to DHS to make large sums of money quickly. It would also allow the City to issue violations and correct landlord behavior.

**B. THE CITY OF JERSEY CITY HAS MET THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 24(a) AND SHOULD BE ALLOWED TO INTERVENE IN THIS ACTION**

Fed. R. Civ. P. 24 is broadly construed in favor of potential intervenors. The Rule provides (1) upon timely application anyone shall be permitted to intervene in an

action ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2).

Of the articulated four-part test, the motion to intervene is timely, therefore there is no dispute as to the satisfaction of the first prong. Jersey City has a substantial interest in this litigation because Jersey City must be able to protect its residents and clean-up any public nuisance that was caused by the total disincentive to landlords to maintain their housing up to appropriate legal standards.  This program has infringed on the safety of all Jersey City residents, due to inadequate oversight and improperly designed paperwork. In line with the DOI investigation, residents who were relocated to Jersey City did not have their apartments properly inspected. Residents who were relocated to Jersey City signed leases and agreements that are not binding in the State of New Jersey. Jersey City has been precluded from speaking with the recipients of the SOTA program because the identities or addresses of the recipients have not been disclosed.  Jersey City seeks the names of these recipients

to confirm that their housing is habitable and to offer services to those who may need them in order to prevent homelessness.

The Third Circuit has interpreted Fed. R. Civ. P. 24(a)(2) to require proof by the moving non-party of the following four elements: (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

Jersey City easily meets the second prong of the test, as Jersey City has confirmed, through defendants, that SOTA recipients were placed within Jersey City. If the Court enters orders or injunctions affecting the SOTA program, Jersey City will be affected. Jersey City seeks the same information that the City of Newark seeks, and has partially been granted by way of the Honorable Dunn Wettre's Order dated December 18, 2019. Jersey City has the obligation to provide suitable housing to every resident; to inspect, and to issue summonses or violations when housing is less than suitable.

Lastly, Jersey City is in the best position to advocate and protect its residents, therefore it is obvious the interest it has in this litigation and that Newark as the sole plaintiff

will not suffice to protect the interests of Jersey City residents.

## CONCLUSION

Based on the foregoing, Jersey City meets the criteria to intervene as a matter of right, and the Court should therefore, grant its request.

                              **PETER BAKER**
                              **CORPORATION COUNSEL**
                              Attorneys for proposed intervenor,
                              City of Jersey City

                              By:  *s/ Brittany M. Murray*
                                   BRITTANY M. MURRAY
                                   ASSISTANT CORPORATION COUNSEL

Dated: February 11, 2020