

THE CITY OF NEW YORK
LAW DEPARTMENT

**GEORGIA M. PESTANA**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NEW YORK 10007

**BRIAN T. HORAN**
*Senior Counsel*
Affirmative Litigation Division
212.356.2297
bhoran@law.nyc.gov

July 30, 2021

**Via ECF**

Hon. Leda Dunn Wettre
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re:    *City of Newark et al. v. City of New York et al.*, 19-cv-20931-MCA-LDW

Dear Judge Wettre:

    As counsel for Defendants the City of New York, Mayor Bill de Blasio, and Commissioner Steven Banks (collectively, "NYC") in the above-referenced action, we submit this letter in advance of the August 16, 2021 status conference, pursuant to the text order issued by Your Honor on July 12, 2021.

### Status of Discovery

    NYC propounded document requests and interrogatories to the City of Newark ("Newark") and the City of Jersey City ("Jersey City"), respectively, on October 23, 2020. On April 14, 2021, Jersey City served written responses to our document requests, answers to our interrogatories, and a small production of documents comprising 180 pages. On May 11, 2021, Newark served answers to NYC's interrogatories. Newark has not served written responses to our document requests or produced any documents.

    By letters dated July 28, 2021, we identified numerous deficiencies in the responses Newark and Jersey City had provided to date. We have requested, in advance of the

Hon. Leda Dunn Wettre
July 30, 2021
Page 2

August 16 status conference, supplementation of both parties' written responses and Jersey City's document production.  We also await Newark's production of documents.

On April 14, 2021, NYC served written responses to the joint document requests and interrogatories propounded by Newark and Jersey City.  On that date, we also produced a first tranche of documents responsive to plaintiffs' requests.  We are finalizing an additional tranche (or tranches) of documents for production.  We will be prepared to exchange documents with Newark on a mutually agreeable date.

NYC anticipates conducting numerous depositions of fact witnesses identified in the written discovery produced, and to be produced, by Newark and Jersey City.  We are awaiting receipt of outstanding discovery, including supplementation of responses that we believe are deficient, before determining which witnesses' deposition testimony is necessary and in what order we wish to sequence the depositions.

NYC intends to retain an expert or experts in one or more of the subject areas pertinent to plaintiffs' claims.  Because the discovery disclosed by Newark and Jersey City has been limited to date, it is difficult to identify the subjects on which expert testimony might be necessary.  Possible subject areas include, for example and without limitation, (i) the movement of people between municipalities in the greater New York City metropolitan area, and (ii) the effect of rental assistance on the local economies and housing stock of the municipalities in which such assistance is invested.  To the extent Newark and/or Jersey City will propound expert testimony, NYC also intends to retain an expert or experts to rebut such testimony.  We believe the expert discovery process will take 90 days from the date when fact discovery is completed.

**Pending Motions**

NYC has a pending motion to dismiss Newark's complaint and for judgment on the pleadings against Newark [ECF Doc. No. 111].  Newark has a pending motion to dismiss the complaint of the putative class of affected tenants [ECF Doc. No. 110].

                                                      Respectfully submitted,

                                                      /s/_____
                                                      Brian T. Horan
                                                      Doris F. Bernhardt*
                                                      * Appearing *pro hac vice*