

THE CITY OF NEW YORK
LAW DEPARTMENT

**GEORGIA M. PESTANA**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NEW YORK 10007

**ANJAN MISHRA**
*Senior Counsel*
Affirmative Litigation Division
212.356.2035
amishra@law.nyc.gov

January 13, 2022

**Via ECF**

Hon. Leda Dunn Wettre, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

     Re:    *City of Newark et al. v. City of New York et al.*
                Case No. 2:19-cv-20931-MCA-LDW

Dear Judge Wettre:

        As counsel for Defendants the City of New York, Mayor of the City of New York, and Commissioner of the New York City Department of Social Services (collectively, "NYC")[1], we write to inform the Court that neither the City of Newark ("Newark") nor the City of Jersey City ("Jersey City") has complied with the Court's December 9, 2021 Amended Scheduling Order [ECF No. 160] ("Amended Order"), ordering Newark and Jersey City to respond to all outstanding written discovery by January 7, 2022.  Plaintiffs have now failed to comply with successive discovery orders of the Court, including the Amended Order and the Court's October 6, 2021 Order [ECF No. 147].  NYC has satisfied its disclosure obligations but cannot effectively defend itself without reciprocal discovery into the basis for plaintiffs' lawsuits, which plaintiffs have repeatedly failed to provide.  Accordingly, NYC respectfully requests the dismissal without prejudice of Newark's and Jersey City's respective complaints against NYC or, in the alternative, that NYC be afforded the opportunity to move to dismiss all or portions of plaintiffs' complaints with prejudice and for other appropriate sanctions under Federal Rule of Civil Procedure 37(b)-(d).

---

[1] In their lawsuits, plaintiffs named as defendants in their official capacities then-Mayor Bill de Blasio and then-Commissioner Steven Banks.  Mayor de Blasio and Commissioner Banks have since been succeeded by Mayor Eric Adams and Commissioner Gary Jenkins, respectively, who each took office as of January 1, 2022.

Hon. Leda Dunn Wettre, U.S.M.J.
January 13, 2022
Page 2

**Plaintiffs' Failures to Comply with Court Orders**

On December 22, 2021, Newark advised the parties by email that it would not be able to meet its discovery obligations under the Amended Order and requested an adjournment of its discovery deadlines on account of the large number of COVID-19 cases in the Newark Law Department and the closure until January 3, 2022 of all Newark government buildings. NYC responded that it would not oppose Newark's adjournment request, so long as the request sought adjournment of all fact discovery deadlines by an equal number of days, to allow adequate time for the review of documents and the taking of depositions, as laid out in the Amended Order. NYC explained its view that Newark would need to make an application to the Court, which could determine whether to set new deadlines. Counsel for the Putative Class of Future Affected Tenants' ("Tenants") advised that the Tenants took the same position as NYC.

Newark did not respond to NYC's email and it never filed an application for an adjournment.

Jersey City has neither sought an adjournment of its discovery obligations nor otherwise contacted NYC. At the status conference conducted on December 9, 2021 ("Conference"), Jersey City represented to the Court and the parties that it was contemplating dismissing its complaint without prejudice.

In light of the foregoing, on January 11, 2022, NYC emailed Newark and Jersey City to propose dismissing both plaintiffs' lawsuits without prejudice in view of their repeated failures to provide discovery in accordance with the Court's orders. NYC requested a response to its email by the close of business on January 12, 2022, but it has not received a reply.

**Prejudice to NYC**

NYC is prejudiced by Newark's and Jersey City's ongoing failures to comply with the Court's discovery orders. NYC cannot adequately defend itself against plaintiffs' lawsuits without sufficient discovery into the alleged factual basis for their claims, injunctive remedies, and with respect to Newark, purported monetary damages. The later that plaintiffs delay their discovery responses, the less time NYC will have to prepare for depositions and trial on a full record.

As set forth in detail in NYC's status letter of December 2, 2021 [ECF No. 157], and further discussed at the Conference, NYC responded to all written discovery, made voluminous document productions, and served deposition demands on Newark and Jersey City. Yet, while NYC bore the full burden of discovery, it did not receive reciprocal disclosure from plaintiffs. Newark failed to provide written responses to document requests; failed to complete its document production; and failed to respond to NYC's two deficiency letters concerning its interrogatory responses and document production, dated July 28, 2021 and November 3, 2021. Numerous categories of documents and information remain outstanding, including, without limitation, documents and information concerning housing conditions in Newark, homelessness

Hon. Leda Dunn Wettre, U.S.M.J.
January 13, 2022
Page 3

in Newark, and any expenses Newark alleges it incurred as a consequence of the Special One-Time Assistance program. Similarly, Jersey City, has failed to respond to NYC's July 28, 2021 and November 3, 2021 deficiency letters, which requested supplementation of Jersey City's woefully inadequate discovery responses and document production.

   Plaintiffs have repeatedly failed to: comply with discovery orders; provide requested information, identify witnesses, or supplement inadequate discovery responses; and, in the case of Newark, respond to NYC's document demands. Under Federal Rule 37, NYC is entitled to seek sanctions for this conduct, up to and including dismissal of plaintiffs' lawsuits, or portions thereof. *Cox v. UPS*, 753 F. App'x 103, 107 (3d Cir. 2018) (affirming dismissal with prejudice of suit where plaintiff repeatedly failed to comply with discovery deadlines without adequate justification).

   Accordingly, NYC respectfully requests that the Court dismiss plaintiffs' lawsuits without prejudice or grant leave for NYC to move for discovery sanctions.

           Respectfully submitted,

         By: /s/_____
            Anjan Mishra
            Doris F. Bernhardt\*
            \* Appearing *pro hac vice*