

THE CITY OF NEW YORK
LAW DEPARTMENT

**GEORGIA M. PESTANA**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NEW YORK 10007

**ANJAN MISHRA**
*Senior Counsel*
Affirmative Litigation Division
(212) 356-2035
amishra@law.nyc.gov

February 9, 2022

**Via ECF**

Hon. Leda Dunn Wettre, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re:    *City of Newark v. City of New York et al.*
             Case No. 2:19-cv-20931-MCA-LDW

Dear Judge Wettre:

        As counsel for Defendants the City of New York, Mayor of the City of New York, and Commissioner of the New York City Department of Social Services (collectively, "NYC") in the above-referenced action, we submit this status letter in advance of the February 16, 2022 status conference and in accordance with the December 9, 2021 Amended Scheduling Order [ECF No. 160] ("December 9 Order").

        **Resolution and Dismissal of the City of Jersey City's Lawsuit Against NYC**

        On January 13, 2022, NYC informed the Court that neither the City of Newark ("Newark") nor the City of Jersey City ("Jersey City") had completed their written discovery as ordered in the Court's December 9 Order, and NYC requested that Newark's and Jersey City's actions against NYC be dismissed without prejudice in light of their repeated failures to comply with the Court's discovery orders [ECF No. 161]. On January 28, 2022, Judge Arleo dismissed Jersey City's complaint without prejudice, pursuant to a so-ordered stipulation of dismissal [ECF No. 165]; *see* ECF No. 164, Jan. 27, 2022 Letter of Jersey City (enclosing stipulation of dismissal and explaining that Jersey City and NYC had "amicably resolved this matter").[1]

---

[1] Also recently dismissed, pursuant to a stipulation of dismissal filed on February 4, 2022, were the actions that the City of Elizabeth and the County of Union filed against NYC concerning the Special One-Time Assistance ("SOTA") program in New Jersey Superior Court, Union County (Civil Action Nos. UNN-L-147-20, UNN-L-149-20).

Hon. Leda Dunn Wettre, U.S.M.J.
February 9, 2022
Page 2

## Newark's Continuing Failure to Complete Written Discovery

The December 9 Order amended the Court's Pretrial Scheduling Order entered October 14, 2020 [ECF No. 85] "**FOR A FINAL TIME**" to require Newark to "respond to all outstanding written discovery requests no later than January 7, 2022." (Emphasis in original.)

As detailed in NYC's January 13, 2022 letter [ECF No. 161] and the letter of the Putative Class of Future Affected Tenants ("Tenants"), dated January 14, 2022 [ECF No. 162], Newark failed to provide any additional discovery by the January 7, 2022 deadline.

On January 30, 2022, Newark wrote to the Court for the first time since the December 9 Order, and requested 30 additional days to respond to outstanding discovery, represented that it would make progress on its obligations within the week, objected to NYC's request that its complaint against the City be dismissed, and suggested that depositions should be conducted in March 2022 [ECF No. 166].

On February 6, 2022, Newark served a supplement to its interrogatory responses to NYC and served a tranche of documents. However, the bulk of Newark's written discovery remains outstanding, including: the written responses to NYC's document requests; responses to NYC's deficiency letter of November 3, 2021; and production of numerous categories of documents and information, including, without limitation, certain documents and information concerning housing conditions and inspections in Newark, homelessness in Newark, the administration of Newark Municipal Code §§ 18:6-10.1 *et seq.* (Nov. 18, 2019) (the "Ordinance"), and expenses Newark alleges it incurred as a consequence of the SOTA program. Nor has Newark made deposition demands to NYC, despite the October 27, 2021 deadline to do so. *See* Amended Scheduling Order, dated Oct. 6, 2021 [ECF No. 147] ("October 6 Order"), ¶ 4.

By letters dated January 14 and February 1, 2022, the Tenants requested leave to move to strike Newark's Answer due to Newark's repeated failures to respond to the Tenants' discovery demands, comply with court-ordered discovery deadlines, and meet its obligations under the Federal Rules of Civil Procedure and Local Rules [ECF Nos. 162 and 167]. To date, Newark has not responded to the Tenants' discovery demands, all of which remain outstanding.

NYC is sympathetic to Newark's recent hardship. NYC also faced great challenges, including disruptions in its operations, as a result of the December 2021-January 2022 spike in COVID-19 infections across the region. However, Newark's repeated delays and lack of responsiveness — a pattern that pre-dates the recent COVID-19 surge — are unfair to NYC, which continues to bear the burden of defending itself, and to Tenants, who are seeking relief for a class of formerly homeless households trying to make better lives in Newark. Newark's failures to comply with Court orders, or timely seek relief from them, should not be without consequence.

In addition, it would be unfair and potentially prejudicial to require NYC to conduct all depositions in March, as Newark requested. The December 9 Order required Newark to complete written discovery by January 7 and the parties to complete depositions by February

Hon. Leda Dunn Wettre, U.S.M.J.
February 9, 2022
Page 3

28, 2022 [ECF No. 160], thereby providing 52 days from the completion of written discovery to the completion of depositions. If the Court grants Newark additional time to complete written discovery, NYC respectfully requests that it have 52 days after that date to complete depositions, so that it is not prejudiced by Newark's delay. This would permit NYC to take the depositions of witnesses from Newark with a complete document production from Newark and responses to NYC's various deficiency letters, as contemplated by the October 6 and December 9 Orders, to be followed by expert discovery in the manner set forth in NYC's July 30, 2021 status letter [*see* ECF No. 142].

### Update on Recent Change to the SOTA Program to Help Facilitate Potential Habitability Actions Against Landlords

Lastly, NYC writes to update the Court and the parties that it has made an additional change to the SOTA program documents to enable a SOTA household to request that rental payments be made into court, in the event the household initiates a habitability action against its landlord, in accordance with New Jersey practice and law. The updated forms are available on NYC's website at https://on.nyc.gov/3rAOVcR.

Respectfully submitted,

*/s/*
Anjan Mishra
Doris F. Bernhardt*
*Appearing *pro hac vice*